UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>WAYNE RODELL CARR-MAIDEN,<br>also known as "Wayne Maiden,"<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CRIMINAL NO.  23-CR-73-12 (CKK)<br><br>VIOLATIONS:<br>21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Forty Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl)<br><br>FORFEITURE:<br>21 U.S.C. § 853(p) |

# I N F O R M A T I O N

The United States Attorney charges that:

## COUNT ONE

From on or about January 2021 to April 6, 2023, within the District of Columbia, the Central District of California, the District of Maryland, the Middle District of Tennessee and elsewhere, **WAYNE RODELL CARR-MAIDEN, also known as "Wayne Maiden,"** did knowingly and willfully combine, conspire, confederate and agree together, and with other persons both known and unknown to the United States, to unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was forty grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

**(Conspiracy to Possess with Intent to Distribute Forty Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl**, in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Count One this Information, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of these offense; and

any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(p))

Respectfully submitted,

MATTHEW GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ Solomon S. Eppel*
SOLOMON S. EPPEL
D.C. Bar No. 1046323
Assistant United States Attorney
Violence Reduction & Trafficking Offenses Section
601 D Street, NW, Room 5.218
Washington, DC 20530
(202) 252-6661
solomon.eppel@usdoj.gov